**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JILLIAN DESYATNYK, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-05353 |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | Judge John Robert Blakey |
| | ) | Magistrate Judge Beth W. Jantz |
| Defendant. | ) | |
| | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Memorandum of Law in Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), does not identify any genuine dispute of material fact that would preclude summary judgment on her claims of disability discrimination, failure to accommodate, or retaliation under the Americans with Disabilities Act ("ADA"). Nor does Plaintiff's Response to Defendant's Motion for Summary Judgment (which operates as her response to Defendant's Statement of Undisputed Facts)[1] provide any additional basis for denying summary judgment. Rather, Plaintiff's opposition documents confirm the factual record set forth in Amazon's opening brief and rely on unsworn allegations, conclusory assertions, and a fundamental misunderstanding of the applicable legal standards.

Plaintiff's disagreements with Amazon's characterization of events, her subjective beliefs about her managers' motives, and her reliance on Amazon's internal investigation do not create triable issues of fact. The Court must assess whether, viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find in her favor on each element of each claim. For the reasons set forth in Amazon's opening brief and as reinforced below, the answer is no.

---

[1] Citations to Plaintiff's Response to Defendants Motion for Summary Judgment, Dkt. 82, will be sited as PRSOF ¶___.

## ARGUMENT

### I. Plaintiff Has Failed To Properly Dispute Amazon's Statement Of Undisputed Facts And Those Facts Should Be Admitted

Plaintiff's Response to Defendant's Statement of Undisputed Facts is replete with inappropriate "disputes," whereby: (1) Plaintiff's assertions are not supported by any record citations; (2) Plaintiff's record citations do not relate to her contentions or support her assertions; and/or (3) she inappropriately puts forth additional facts that are not responsive to and do not contradict Amazon's proffered material facts, in violation of L.R. 56.1(e)(2).

A non-movant's failure to abide by Local Rule 56.1's requirements "carries significant consequences." *Abdel-Ghaffar v. Ill. Tool Works, Inc.*, No. 12-c-5812, 2015 WL 5025461 at *2 (N.D. Ill. Sept. 30, 2015). The Seventh Circuit has repeatedly held that a district court may enforce strict compliance with this Rule. *See Yancik v. Hanna Steel Corp.*, 653 F.3d 532, 537 (7th Cir. 2011); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359 (7th Cir. 2009). Indeed, failure to abide by Local Rule 56.1 may result in deeming statements of fact admitted. *See, e.g., Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005) (affirming district court's decision to ignore additional facts cited in response to the defendant's Rule 56.1 statement of facts); *Ammons v. Aramark Unif. Servs., Inc.*, 368 F. 3d 809, 816-18 (7th Cir. 2004) (affirming district court's decision to strike responses to facts that failed to cite facts supporting a denial, impermissibly added new, unrelated facts, or failed to cite part of the record in support of the denial); *Cartwright v. Cooney*, 10-cv-1692, 2013 WL 842655 at *1 (N.D. Ill. Mar. 6, 2013) (denials without citation to specific evidentiary materials justifying the denial are "improper and insufficient to rebut a movant's factual allegations.").

Pertinent instances in which Plaintiff's improper "disputes" warrant deeming Amazon's facts admitted are discussed in more detail below. However, the following facts should be deemed

admitted because despite "disputing" the fact, Plaintiff has provided zero record evidence to counter Amazon's statements: SOF ¶¶ 2, 6, 13, 19, 23, 28, 31, 33, 38, 40-42, 46, 48-51. The following facts should be entirely or partially admitted because record citations do not support Plaintiff's dispute or because Plaintiff adds additional irrelevant "facts" rather than actually responding to Amazon's stated facts (and without record citations to support her additions): SOF ¶¶ 2, 4-8, 10-13, 17, 19, 21-22, 25, 27-33, 37, 39-46, 49-51.

## II. Plaintiff Did Not Suffer Disability Discrimination

### A. Plaintiff Still Has Not Established She Is Disabled Under the ADA.

While Plaintiff now offers narrative descriptions of her Post Traumatic Stress Disorder (PTSD) symptoms – including panic attacks, chest pain, flashbacks, and concentration difficulties – these assertions appear only in her unsworn response brief. They are not supported by deposition testimony, medical records, or expert evidence in the summary judgment record. A party cannot defeat summary judgment with new allegations raised for the first time in an unsworn brief. Even if Plaintiff's statements are intended to be an affidavit or declaration, it is defective as a matter of law because it is not subscribed under penalty of perjury as required by 28 U.S.C. § 1746. Because Plaintiff's declaration fails to meet these threshold requirements, it should be struck in its entirety, and the Court should disregard it. *See, e.g.*, *DeBruyne v. Eq. Life Assur. Soc. of U.S.*, 920 F.2d 457, 470–71 (7th Cir. 1990) (holding that declaration, "which did not subject [the declarant] to the penalties for perjury, was not within the range of evidence that the district court could consider"); *Trapaga v. C. States Jt. Bd. Loc. 10*, No. 05 C 5742, 2007 WL 1017855, at *6 (N.D. Ill. Mar. 30, 2007) ("The court strikes . . . the . . . affidavit, which contains no verification statement whatsoever."); *Zavala-Alvarez v. Darbar Mgt., Inc.*, 617 F. Supp. 3d 870, 885–86 (N.D. Ill. 2022) ("An unsworn statement that lacks a certification under penalty of perjury has no evidentiary value . . . From an evidentiary standpoint, it's weightless. So the Court disregards it.").

Even crediting these descriptions, Plaintiff has not identified which major life activities are substantially limited by her conditions or provided evidence of the nature, severity, duration, or expected long-term impact of her impairments. A diagnosis of PTSD alone does not establish disability under the ADA. *Freelain v. Vill. of Oak Park, No*. 13 C 3682, 2014 WL 148739, at *7 (N.D. Ill. Jan. 15, 2014) (citing *Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011)). As stated in Amazon's opening brief, Plaintiff's own testimony characterizes the accommodation as a personal preference—"there was no listening devices allowed in the building . . . that's why it was an accommodation" – and Amazon's voluntary grant of the accommodation does not establish that Plaintiff is disabled within the meaning of the statute. *See* SOF ¶ 9, PRSOF ¶ 9.

**B. Plaintiff Provides No Evidence She Was Meeting Amazon's Legitimate Expectations.**

Plaintiff's own responses confirm the core undisputed fact: her accommodation was limited to using bone-conducting headphones while working at her station. SOF ¶¶ 13, 21-23. And, when Plaintiff used her cell phone outside of the prescribed areas, she violated Amazon's cell phone policy which means she was not meeting Amazon's legitimate expectations.

Though Plaintiff claims she "disputes" SOF ¶¶ 13 and 23, she provides no citations or evidence to dispute the relevant paragraphs. PRSOF ¶¶ 13, 23. Her disputes to SOF ¶¶ 21-22 are similarly unavailing. Instead of providing evidence to counter Amazon's evidence that she was expected to use her headphones only in her home path, she points to managers who were allegedly unaware of her accommodation and a different line in the Music Listening Agreement – the same document Amazon cites. PRSOF ¶¶ 21-22. These facts should be deemed admitted.

As explained in Amazon's opening brief, Plaintiff's accommodation did not allow Plaintiff to wear her headphones outside of her home path or to use her cellular phone. The written warning explicitly identified this conduct—using her phone on the fulfillment center floor—as the basis for

discipline. SOF ¶ 29. When she was observed using her phone again on September 11, 2023, she was terminated. SOF ¶¶ 31-32.[2] Plaintiff's termination was based solely on her violations of safety-related policies—not her accommodation—which defeats her *prima facie* case of discrimination..

Plaintiff argues throughout her response to Defendant's statement of facts that her cellphone was necessary to keep the Bluetooth-connected headphones functioning and that Area Manager Felicia Plummer told her to walk across the "Green Mile" to change playlists rather than go to the break room. PRSOF ¶¶ 10, 29. This argument does not save her claim for two reasons. First, cellphone use was not part of Plaintiff's accommodation. The accommodation—as documented in the Job Accommodation Report and Music Listening Agreement, both of which Plaintiff acknowledged receiving—was to wear bone-conducting headphones while working at her station. SOF ¶¶ 13, 21-23. Second, even accepting Plaintiff's explanation, it demonstrates that she was using her phone on the fulfillment center floor outside her workstation, which is the very conduct Amazon documented. Where Plaintiff was not meeting Amazon's legitimate expectations, she cannot prove disability discrimination. *See Garcia v. AT&T Corp.*, No. 20 C 3608, 2022 WL 2527996, at *4 (N.D. Ill. July 6, 2022).

### C. Plaintiff Has Not Identified Suitable Comparators.

Plaintiff still has not cured the comparator deficiency identified in Amazon's opening brief. Her assertion that "the rules are the same for everyone below Level 4" is conclusory and

[2] While Plaintiff again attempts to dispute Amazon's facts, she cites portions of investigative interviews where managers stated they did not remember the exact interactions from several months earlier. Her response to SOF ¶ 29 focuses on her communications with Chitturi, who was not the individual who completed the initial written warning. Her response to SOF ¶ 31 includes no record citations, and her response to SOF ¶ 32 simply claims that certain documents were falsified and that a manager wrote her up because he thinks she is "arrogant and too confident." These do not create material disputes.

unsupported by admissible evidence. She claims to have identified 20-plus individuals who used phones or devices without discipline, yet she has not shown that any proposed comparator: (a) held the same position; (b) was subject to the same supervisors; (c) engaged in the same conduct under the same circumstances; (d) had the same or comparable disciplinary history; or (e) was not disabled. Plaintiffs who cannot identify similarly situated employees who received more favorable treatment cannot establish a *prima facie* case. *Slutsky v. Jacobson Cos*., No. 1:16-cv-1073, 2017 WL 2813662, at *6 (N.D. Ill. June 29, 2017).

Even if Plaintiff is correct that rules are the same at a certain level, this does not cure the fact she is not aware of whether her proposed comparators had disabilities. Plaintiff's statement that "most" of her proposed comparators are willing to testify they had no accommodations or disabilities is not evidence—it is an unsworn representation about potential future testimony. Plaintiff's opinion of what witnesses might someday say is irrelevant, and does not override her prior deposition testimony. *See* SOF ¶ 49; *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020) ("In this circuit the sham-affidavit rule prohibits a party from submitting an affidavit that contradicts the party's prior deposition or other sworn testimony."); *Gills v. Hamilton*, 164 F.4th 640, 645 (7th Cir. 2026) (excluding declarations that "add new factual details not previously disclosed in deposition testimony.").

### D. Amazon's Internal Investigation And Reinstatement of Plaintiff Do Not Establish Pretext Or Liability.

Plaintiff places enormous weight on Amazon's internal investigation and her subsequent reinstatement, characterizing these events as an "admitted wrongful termination" that establishes her ADA claims. This argument fundamentally mischaracterizes both the investigation's findings and the legal significance of Amazon's remedial actions.

The investigation found process failures—specifically, that managers did not recall the specific details of Plaintiff's accommodation and that Plaintiff was denied proper access to the internal appeal process. SOF ¶¶ 38-40.[3] Critically, it did not find that Amazon discriminated against Plaintiff because of her disability, failed to accommodate her disability, or retaliated against her for requesting an accommodation. *Id.* There is a critical distinction between finding that managers made procedural errors in handling write-ups and finding that disability bias motivated those errors. The investigation found the former; Plaintiff asks the Court to infer the latter without evidentiary support.

Amazon's decision to reinstate Plaintiff with backpay reflects its commitment to correcting internal process failures—it does not constitute an admission of ADA liability. The pretext inquiry considers the employer's state of mind at the time of the adverse decision and requires Plaintiff to provide evidence that Amazon did not honestly believe the reason it offered for her termination. *Emery v. Continental Gen. Tire Inc.*, 3 Fed. App'x 554, 558 (7th Cir. 2001). Plaintiff has failed to meet this burden, and Amazon is entitled to summary judgment on this claim.

## III. Plaintiff's Failure To Accommodate Claim Remains Fatally Flawed

First, as discussed *supra*, Plaintiff cannot prove she is a qualified individual with a disability. She has not explained how the accommodation would ameliorate any limitation on major life activities or how it helped her perform the essential functions of her position. *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017).

[3] Plaintiff again attempts to dispute these Paragraphs with narrative responses and a single, unclear citation that appears to be to Amazon's investigation notes. PRSOF ¶¶ 38-40. Plaintiff's narrative responses are not appropriate disputes. And, her response to SOF ¶ 39 simply provides additional context about how she feels the appeal process failed – it does not dispute that the investigator in fact found that Plaintiff did not receive proper access to the appeal process. SOF ¶ 39; PRSOF ¶ 39. These facts should be deemed admitted.

Plaintiff also cannot show another critical element of her claim: that the accommodation was necessary for Plaintiff to perform her job. Plaintiff worked for approximately 18 months performing the full range of warehouse duties without headphones, and identified no intervening diagnosis or change in condition that necessitated the accommodation. As stated in Amazon's opening brief, courts routinely dismiss failure-to-accommodate claims where, as here, the plaintiff demonstrates through her own work history that she can perform essential job functions without the requested accommodation. *Davis v. PowerStop, LLC*, No. 23-CV-07631, 2024 WL 4894284 (N.D. Ill. Nov. 26, 2024); *Peters v. Mundelein Consol. High Sch. Dist. No. 120*, No. 21 C 0336, 2022 WL 393572, at *4 (N.D. Ill. Feb. 9, 2022).

**IV. Plaintiff's Retaliation Claim Still Lacks But-For Causation.**

Plaintiff has provided no evidence of but-for causation between her protected activity and her termination. She does not dispute that the person who authored the Final Written Warning precipitating her termination – Al-Hassan – was not aware of her accommodation. SOF ¶¶ 27, 44.[4] A decisionmaker cannot retaliate against an employee for engaging in protected activity if the decisionmaker did not know about that activity at the time of the adverse action. *See Kotaska*, 966 F.3d at 633 ("A valid retaliation claim requires that the decisionmaker know of the protected activity."); *Brown v. Advocate S. Suburban Hosp. & Advocate Health & Hosps. Corp.*, 700 F.3d 1101, 1108 (7th Cir. 2012) ("[T]he plaintiffs must produce evidence that a retaliatory motive *actually* influenced the decision-maker, not merely that it *could* have.") (emphasis in original) (citation omitted).

---

[4] Though Plaintiff attempts to dispute these Paragraphs, she points to conversation with Chitturi, a different manager, and the alleged failure by Al-Hassan to conduct a "seek to understand" with Plaintiff. She does not provide evidence that Al-Hassan was aware of any accommodation or disability. PRSOF ¶¶ 27, 44.

As for Plaintiff's theory that Chitturi discriminated or retaliated against her, she alleges that he wrote her up because he felt she was "arrogant" and "too confident." PRSOF ¶¶ 30, 32, 37, 46. Even taking these allegations as true, they negate any inference of retaliation. A personality clash is not evidence of retaliatory motive. *See Jones v. City of Chi.*, 673 F. Supp. 3d 926, 939 (N.D. Ill. 2023) ("Personality conflicts at work that generate antipathy and snubbing by supervisors and co-workers are not actionable under Title VII.")

**CONCLUSION**

No reasonable factfinder could hold Amazon liable for discriminating against, failing to accommodate, or retaliating against Plaintiff based on any disability. Amazon is entitled to judgment as a matter of law on all claims.

Dated: August 4, 2026

Respectfully submitted,

/s/ *Lindsey M. Hogan*

Lindsey M. Hogan
lindsey.hogan@faegredrinker.com
Taylor L. Haran
taylor.haran@faegredrinker.com
320 S. Canal St., Suite 3300
Chicago, Illinois 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** herein with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system, which sent notification of such filing to the registered CM/ECF participants.

____*/s/ _Lindsey M. Hogan*_________